2020 IL App (1st) 191833

No. 1-19-1833

Opinion filed September 15, 2020.

Second Division

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| MICHAEL O. CAMPOS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 2016 CH 00826 |
| | ) | |
| THE COOK COUNTY SHERIFF'S MERIT BOARD; | ) | The Honorable |
| JAMES P. McNALLY, Chairman; BYRON BRAZIER, | ) | David B. Atkins, |
| Vice President; BRIAN RIORDAN, Member; JENNIFER | ) | Judge Presiding. |
| BAE, Member; JOHN DALICANDRO, Member; VINCE | ) | |
| WINTERS, Member; PATRICK BRADY, Member; | ) | |
| KIM WIDUP, Member; and THOMAS J. DART, | ) | |
| Sheriff of Cook County, | ) | |
| | ) | |
| Defendants-Appellees. | ) | |

JUSTICE LAVIN delivered the judgment of the court, with opinion.
Presiding Justice Fitzgerald Smith and Justice Pucinski concurred in the judgment and opinion.

**OPINION**

¶ 1    Michael O. Campos, a former correctional officer, appeals from the circuit court's order confirming the decision of the Cook County Sheriff's Merit Board (Board), terminating his employment by the Sheriff of Cook County, Thomas J. Dart (Sheriff). We affirm.

¶ 2                                    BACKGROUND

¶ 3     In late 2011, the Sheriff filed a complaint with the Board seeking Campos' termination after he was arrested for driving under the influence (DUI) of alcohol, striking an unattended motor vehicle and leaving the scene of property damage. The complaint alleged that his actions violated several orders, rules and regulations of the Cook County Department of Corrections (Department) and the Board.

¶ 4     Subsequently, the Board, comprised of Chairman James P. McNally, Vice President Byron Brazier, and members Brian Riordan, Jennifer Bae, John Dalicandro, Vince Winters, Patrick Brady and Kim Widup, conducted a hearing where the following evidence was adduced.

¶ 5     Around five in the morning on August 27, 2011, Campos, while off-duty, was driving a truck missing a front tire on a quest for food. He stopped at Ricobene's restaurant in Chicago's south side but left after an employee, Jose Molina, informed him that the restaurant was closed. Meanwhile, Campos struck several unoccupied vehicles that were parked along the road. Molina called the police, reporting that Campos was drunk driving to another restaurant nearby.

¶ 6     Shortly thereafter, Officers Chris Vacek and William Murphy arrived on the scene and conducted a showup where Molina identified Campos as the drunk driver he had reported. Although Campos claimed that he was suffering from a concussion, not intoxication, he refused medical treatment and failed to present any evidence supporting that claim. Ultimately, the officers arrested Campos, who was on supervision for a prior DUI offense, after he refused to complete a breathalyzer or field sobriety test.

¶ 7     We note, however, that the charges against Campos from that arrest were later dismissed. See *People v. Campos*, 2014 IL App (1st) 122498-U (affirming the trial court's judgment, granting the defendant's suppression motion).

¶ 8      Based on the foregoing evidence, the Board found that Campos had violated Department general order 3.8(III)(A)(1), (4), (D)(6), requiring employees to "obey all federal, state, county and municipal laws" and to "refrain from engaging in off-duty behavior that would reflect negatively on the department," among other things. Additionally, the Board found that he had violated Department general order 4.1(III)(A)(5), (17), (18), requiring employees to observe all federal, state and local laws, and to refrain from engaging in conduct that is "unbecoming to an employee of the [Department]." The Board further found that Campos had violated article X of the Board's rules and regulations by violating those Department orders.

¶ 9      In reaching its conclusion, the Board noted that Campos did not present any evidence opposing or otherwise refuting the Sheriff's charges. Consequently, the Board issued its decision terminating Campos from his employment on October 15, 2015.

¶ 10      Over a year later, Campos filed a complaint in the circuit court seeking administrative review of the Board's decision, which he alleged, was against the manifest weight of the evidence. The circuit court initially found that the Board's decision was too "vague" for judicial review and remanded the matter for a new decision. Upon remand, the Board reached the same conclusion, finding that Campos had violated the aforementioned orders, rules and regulations. The Board issued its second decision terminating Campos on April 20, 2017.[1]

¶ 11      When Campos again sought postjudgment relief in the circuit court, however, he claimed, for the first time, that the Board's decision was invalid because the Board was unlawfully constituted. Specifically, he asserted that two members who participated in the decision had been appointed to interim terms of fewer than six years in violation of section 3-7002 of the Counties Code (Code) (55 ILCS 5/3-7002 (West 2016)). Meanwhile, the Illinois legislature amended

---

[1]Gray Mateo-Harris, a Board member, participated in the Board's remand decision instead of Brian Riordan, who participated in the Board's October 15, 2015 decision.

section 3-7002 of the Code, allowing the Sheriff to make appointments to terms of fewer than six years. See Pub. Act 100-562 (eff. Dec. 8, 2017) (amending 55 ILCS 5/3-7002).

¶ 12     In any event, the circuit court agreed with Campos and voided the Board's decision. The court then vacated that judgment, however, after concluding the *de facto* officer doctrine, which validates appointees' acts later found to be deficient, precluded Campos' claim. See *Acevedo v. Cook County Sheriff's Merit Board*, 2019 IL App (1st) 181128, ¶ 20 (noting that the *de facto* officer doctrine confers validity upon acts performed by persons acting under the color of official title even though their authority is subsequently deemed improper).

¶ 13     We note that, while this case was pending in the circuit court, Campos filed a federal due process action based on the Board's unlawful constituency, which was ultimately dismissed. See *Campos v. Cook County*, 932 F.3d 972, 973 (7th Cir. 2019).

¶ 14     The circuit court confirmed the Board's decision terminating Campos from his employment on August 8, 2019, and he appealed.

¶ 15                                  ANALYSIS

¶ 16     On appeal, Campos essentially challenges the Board's decision to terminate him based on its factual findings, which he argues, are not supported by the record. His arguments, however, are confusing at best and set forth several issues not relevant on appeal.

¶ 17     Nevertheless, we will proceed in our review of the Board's decision. See *Rios v. Cook County Sheriff's Merit Board*, 2020 IL App (1st) 191399, ¶ 29 (in reviewing an administrative agency's decision, this court reviews the decision of the agency, not the circuit court). We will not reverse an agency's decision unless it is against the manifest weight of the evidence, *i.e.*, only when the opposite conclusion is clearly evident. *Id.* Furthermore, where, as here, the record supports the agency's decision, that decision must be affirmed. See *id.*

¶ 18     The record in this case shows that Campos violated the Department's general orders because he disobeyed Illinois law, whether or not he was intoxicated, when he drove a truck that was missing a front tire, struck several unattended vehicles and then fled the scene. Because Campos violated those general orders, he consequently violated article X of the Board's rules and regulations, which requires correctional officers to comply with the Department's general orders.

¶ 19     Moreover, as set forth above, Campos presented no evidence opposing the Sheriff's charges or the Board's findings in this case. A correctional officer's violation of a single rule, let alone several rules, certainly provides a sufficient basis for discharge. See *Malinowski v. Cook County Sheriff's Merit Board*, 395 Ill. App. 3d 317, 322 (2009). Based on the foregoing, we cannot say that the Board's decision terminating Campos from his employment was against the manifest weight of the evidence.

¶ 20     To the extent Campos asserts that the Board's decision is void because it fails to include a "ruling [up]on each [proposed] finding," the Board is a local government agency not governed by the decision-making procedures of the Illinois Administrative Procedure Act (5 ILCS 100/10-50(a) (West 2016)). See *Roman v. Cook County Sheriff's Merit Board*, 2014 IL App (1st) 123308, ¶ 79 (noting that "the Illinois Administrative Procedure Act specifically excludes units of local government and their officers from its purview" (emphasis in original and internal quotation marks omitted)).

¶ 21     Last, we need not address the parties' arguments concerning the *de facto* officer doctrine because Campos' challenge as to the Board's constituency was based on appointment irregularities, *i.e.*, the interim appointment of Board members to terms of fewer than six years, that have since been cured. See 55 ILCS 5/3-7002 (West 2018) (allowing the Sheriff to make

appointments to terms of fewer than six years); see also *Acevedo*, 2019 IL App (1st) 181128,

¶ 24 (noting that public policy favors "promoting the orderly functioning of the Board instead of

invalidating its decisions where the irregularity has been remedied").

¶ 22                                        CONCLUSION

¶ 23     For the reasons set forth above, we affirm the circuit court's judgment confirming the

Board's decision in this case.

¶ 24     Affirmed.

**No. 1-19-1833**

| | |
|---|---|
| **Cite as:** | *Campos v. Cook County Sheriff's Merit Board*, 2020 IL App (1st) 191833 |
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 2016-CH-00826; the Hon. David B. Atkins, Judge, presiding. |
| **Attorneys for Appellant:** | Martin M. Stack, of Hinsdale, and John T. Lanahan, of Chicago, for appellant. |
| **Attorneys for Appellee:** | Kimberly M. Foxx, State's Attorney, of Chicago (Cathy McNeil Stein, Rebecca M. Gest, and Megan M. Honingford, Assistant State's Attorneys, of counsel), for appellee Thomas J. Dart.<br><br>No briefs filed for other appellees. |